UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

HASHIM BAZAR, Individually, and as father and natural
guardian of M.B., an infant,
M.B., an infant, by his father and natural guardian, HASHIM
BAZAR,
JAMILEH BAZAR,
DIANE BAZAR,
DALAL BAZAR,
EZ-AL DEAN BAZAR,
DALA BAZAR and
QAMAR BAZAR,

Plaintiffs,

-against-

**COMPLAINT AND JURY
DEMAND**

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF EDUCATION, LARA LERNER, JOHAN NUNEZ,
NEIL RATHAN, P.O. GREGG BADALAMENTI
(TAX ID NO. 971816), P.O. LYSETTE FELICIANOTENGCO
(TAX ID NO. 950396), SUPERVISORY JOHN DOES 1
through 2 and NYPD JOHN DOES 1 through 4,

Defendants.

-----------------------------------------------------------------------X

Plaintiffs, by and through their attorneys, Musa-Obregón Law, PC, allege as follows:

## PRELIMINARY STATEMENT

1. This lawsuit is a civil action for damages brought pursuant to 42 U.S.C. §§ 1981 and

   1983, the First, Fourth and Fourteenth Amendments to the United States Constitution, the

   New York State Constitution, the New York State Human Rights Law ("NYSHRL"), and

   the New York City Human Rights Law ("NYCHRL"), arising from the false arrests,

malicious prosecutions, racial, ethnic and religious discrimination to which a peaceful and close-knit Palestinian family was unjustly subjected by the City of New York, the New York City Department of Education ("DOE") and members of service within the New York City Police Department ("NYPD"), fueled by demonstrably false information provided by two private citizens, Lana Lerner and Johan Nunez, who targeted the Bazar family at the ceremony based on their Palestinian heritage.

2. The setting for the unlawful mistreatment Plaintiffs received was the June 14, 2024 graduation ceremony held at P.S. 682 The Academy of Talented Scholars, an elementary school attended by the youngest member of the Bazar family, M.B. The Bazar family had hoped to peacefully celebrate M.B.'s accomplishment in community with the families of the other children but, instead, was subjected to harassment and violence by Lerner, Nunez, and, incredibly, a teacher at P.S. 682, Neil Rathan.

3. DOE negligently failed to prevent, contain and quickly end the altercation initiated by Lerner and Nunez, an altercation which M.B. and other children were forced to witness and which has traumatized M.B.

4. In the aftermath of this ugly incident, members of the Bazar family, Ez-Al Dean Bazar and Dala Bazar, were falsely arrested and maliciously prosecuted as the result of NYPD officers crediting the dubious accounts of Lerner and Nunez over the accounts of members of the Bazar family, despite the availability of video footage which plainly contradicted Lerner and Nunez and which corroborated the Bazar family's versions of events.

5. As a result of the aforementioned, the family is seeking justice in the form of compensatory and punitive damages for the violations of their rights under federal, state and local law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, in that the claims arise, *inter alia*, under federal law, under 28 U.S.C. § 1343(a), as the claims arise under laws providing for the protection of civil rights and under 42 U.S.C. § 1983.

7. This Court has subject matter jurisdiction of this case under 28 U.S.C. §1332, as Plaintiffs allege violations of his rights under, *inter alia*, the First, Fourth and Fourteenth Amendments to the United States Constitution.

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that this case involves claims brought under the laws of the City and State of New York.

9. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York in that Plaintiffs' claims arose in this District and Defendants' actions and omissions complained of occurred in this District, in the borough of Brooklyn, Kings County.

10. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. 1988(b).

## PARTIES

11. Plaintiffs are residents of Brooklyn, New York.

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York and is responsible for the policies, practices, and customs of the New York City Police Department ("NYPD") and New York City Department of Education ("DOE").

13. Defendant DOE is a department within the New York City government that manages the New York City School District and maintains its principal place of business at 52 Chambers Street, New York, New York.

14. Defendant Lara Lerner is, upon information and belief, a resident of New York City who, at all relevant times, acted jointly with public officials in depriving Plaintiffs of their rights.

15. Defendant Johan Nunez is, upon information and belief, a resident of New York City who, at all relevant times, acted jointly with public officials in depriving Plaintiffs of their rights.

16. Defendant Neil Rathan is, upon information and belief, a resident of New York City and DOE employee, who, at all relevant times, acted under color of state law and acted jointly with defendants Lerner, Nunez and DOE in depriving Plaintiffs of their rights.

17. Defendant POLICE OFFICER GREGG BADALAMENTI (Tax Reg. #971816) was, at all relevant times, a duly appointed officer and member of service of the NYPD, acting within the scope of his employment and under color of state law. He is sued in both his individual and official capacities.

18. Defendant POLICE OFFICER LYSETTE FELICIANOTENGCO (Tax Reg. #950396) was, at all relevant times, a duly appointed officer and member of service of the NYPD, acting within the scope of her employment and under color of state law. She is sued in both her individual and official capacities.

19. Defendants SUPERVISORY JOHN DOES 1–2 are unidentified supervisory officials of the NYPD and DOE who negligently authorized, condoned and/or failed to prevent the

harms and constitutional violations described herein. They are sued in their individual and official capacities.

20. Defendants NYPD JOHN DOES 1–24 are unidentified NYPD members of service who participated in or failed to intervene in the constitutional violations described herein. They are sued in their individual and official capacities.

## STATEMENT OF FACTS

21. On June 14, 2024, Plaintiffs attended the 5th grade graduation of the youngest child, Plaintiff M.B., age 10 at the time, at P.S. 682 – The Academy of Talented Scholars.

22. M.B.'s graduation outfit included a small Palestinian flag and a "Free Palestine" sign.

23. While M.B. walked onto the graduation stage to receive his diploma, Defendant Lerner pointed at him and shouted harassing remarks, telling him he should be ashamed of himself for wearing the outfit celebrating his heritage.

24. DOE school officials failed to intervene, either to quell the disruption Lerner had caused (by escorting her out of the room and/or ordering her to end her verbal assault against M.B.) or to act buffer for the sake of M.B.'s safety and the safety of others present.

25. After the ceremony, as the Bazar family took photographs outside, Lerner again approached and screamed at them: "Death to Palestine" and "No more Palestine!"

26. Defendant Nunez, who, upon information and belief, is Lerner's husband, then insulted and cursed at Plaintiff Hashim Bazar and made threats of physical violence.

27. Plaintiff Ez-Al Dean Bazar, seeing his father threatened, moved toward him to create physical distance between Hashim Bazar and Nunez.

28. Without provocation, Nunez then punched Ez-Al Dean Bazar in the face, causing immediate bleeding.

29. Defendant Rathan, a DOE employee, placed Hashim Bazar in a tight chokehold, cutting off his ability to breathe and began to drag him away from the area where Nunez was physically assaulting Ez-Al Dean Bazar.

30. While Hashim Bazar was being unjustly assaulted by Rathan, Nunez struck Ez-Al Bazar again, rendering him unconscious.

31. Plaintiff Dala Bazar attempted to assist her brother in escaping from Nunez but was struck multiple times by Lerner, who also pulled Dala Bazar's hair.

32. Lerner also slapped Plaintiff Qamar Bazar during the altercation.

33. Plaintiffs Diane Bazar, Dalal Bazar, Jamileh Bazar and M.B. witnessed and were in close proximity to the aforementioned assaults on members of their family, and Jamileh suffered a severe panic attack at that time. Upon witnessing the horror of this violence against his family whom DOE school officials failed to protect, M.B. cried hysterically and, like his sisters Diane and Jamileh, was traumatized.

34. Thereafter, NYPD officers arrived and stated to the Bazar family that "either everyone gets arrested or no one gets arrested," yet, at the time, NYPD officers, specifically defendant POLICE OFFICER GREGG BADALAMENTI (Tax Reg. #971816) arrested only Ez-Al Dean Bazar, for assault in the third degree, despite the fact that Ez-Al Dean Bazar had been the victim of Nunez's assault and not the aggressor.

35. Subsequently, Ez-Al Dean Bazar was criminally prosecuted and had to make several court appearances until February, 2025, when all criminal charges against him were dismissed.

36. In August of 2024, NYPD officers, more than two (2) months after the incident, went to the Bazar family home to arrest Dala Bazar, who was not present at the time.

37. That same week, on August 24, 2024, Hashim Bazar accompanied Dala Bazar to the command of defendant POLICE OFFICER LYSETTE FELICIANOTENGCO (Tax Reg. #950396), who arrested Dala Bazar for assault in the third degree without probable cause.

38. Subsequently, all criminal charges against her were dismissed.

39. Defendants Nunez and Lerner were never arrested despite their violent conduct.

40. The arrests and prosecutions of Ez-Al Dean Bazar and Dala Bazar were motivated by racial, ethnic, and religious bias against Plaintiffs by Defendants NUNEZ and LERNER, as well as Defendants BADALAMENTI, FELICIANOTENGCO, SUPERVISORY JOHN DOES 1-2 and NYPD JOHN DOES 1-4 (collectively, "NYPD Defendants").

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### (FALSE ARREST UNDER 42 U.S.C. § 1983)

41. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

42. The NYPD Defendants detained and arrested Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR without probable cause, causing them to be deprived of their liberty against their will for a significant period of time.

43. Consequently, the NYPD Defendants caused Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR to be falsely arrested and unlawfully imprisoned.

44. As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## (VIOLATION OF EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983— AGAINST THE NYPD DEFENDANTS)

45. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

46. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits governments from applying or passing laws that target or otherwise treat similarly situated individuals differently on the basis of certain protected classes, including, but not limited to, an individual's race, ethnicity, religion, and gender. Specifically, the equal protection clause states that "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

47. The NYPD Defendants denied Plaintiffs equal protection under the law based on their race, ethnicity, religion, and political expression.

48. The NYPD Defendants denied Plaintiffs equal protection under the law, based on their identity as Muslim Arab people of Palestinian descent, by arresting Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR without probable cause, by arresting Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR with deliberate indifference to the existence of probable cause through the failure to investigate that issue and/or performing a subpar investigation thereof.

49. The dismissive, degrading, and callous manner in which the NYPD Defendants treated Plaintiffs constitutes disparate treatment, as similarly situated non-Palestinian, non-Arab, non-Muslim individuals would not have been treated in this manner.

50. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

## (VIOLATION OF FIRST AMENDMENT UNDER 42 U.S.C. § 1983—AGAINST THE NYPD DEFENDANTS AND DEFENDANT DOE)

51. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

52. The First Amendment to the U.S. Constitution prohibits governments from, *inter alia*, prohibiting the free exercise of religion. Specifically, the equal protection clause states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances..." U.S. Const. Amend. I. (emphasis added).

53. Here, the NYPD Defendants and Defendant DOE violated Plaintiffs' First Amendment rights by targeting them for their Muslim religion and/or political expression in relation thereto, thereby interfering with their free exercise of religion, chilling their right to observe religious practices without public humiliation.

54. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983—AGAINST THE NYPD DEFENDANTS)

55. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

56. The NYPD Defendants had an affirmative duty to intervene on behalf of Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR, whose constitutional rights were being violated in their presence by fellow officers.

57. The NYPD Defendants failed to prevent the unlawful conduct described herein.

58. As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 - AGAINST DEFENDANTS SUPERVISORY JOHN DOES 1–2)

59. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

60. Defendants SUPERVISORY JOHN DOES 1–2, including both NYPD and DOE supervisory personnel, personally caused Plaintiffs constitutional injury by being deliberately or consciously indifferent to their rights, failing to properly supervise and train their subordinate employees who violated Plaintiffs' constitutional rights, and allowing Defendants LERNER and NUNEZ's targeting of pro-Palestinian speech by M.B. at the graduation ceremony.

61. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 – AGAINST DEFENDANT CITY OF NEW YORK)

62. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

63. The NYPD Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, policy, practice, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the New York City Police Department ("NYPD") included, but were not limited to, arresting individuals and/or being deliberately indifferent to the arrests of individuals  - based on their Palestinian identity, Arab ethnicity, Muslim religion, and/or political expression and without probable cause, where such individuals engaged in constitutionally protected speech and assembly, and where there was a deliberate failure to recognize the absence of probable cause for arrest, or conscious indifference to the absence of probable cause for arrest, based on the failure to investigate properly or at all.

65. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the NYPD also included, but were not limited to, targeting

Plaintiffs and retaliating against them for exercising First Amendment rights, based on their viewpoint, religion and/or ethnicity.

66. In addition, the City of New York engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Plaintiffs' rights, as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD constituted deliberate indifference to Plaintiffs' safety, well-being, and constitutional rights.

68. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs, as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD were the moving force behind the constitutional violations suffered by Plaintiffs, as alleged herein.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs' constitutional rights.

71. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right to be free from seizure and arrest not based on

probable cause, and the right to engage in free speech, political protest, and freedom of expression without retaliation or discriminatory targeting.

72. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the Defendant CITY OF NEW YORK in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 – AGAINST THE NYPD DEFENDANTS AND DEFENDANT DOE)

73. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

74. The First Amendment protects individuals from government retaliation for engaging in protected speech and expression, including peaceful protest.

75. The NYPD Defendants targeted Plaintiffs because of the content of their speech and expression—specifically, Plaintiff M.B.'s pro-Palestinian expression and protest — thereby punishing them for exercising constitutionally protected rights.

76. By the NYPD Defendants arresting Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR without probable cause after Defendant DOE failed to quash Defendant LERNER's harassment of Plaintiff M.B. and her reprisal against him for pro-Palestinian expression and protest, the NYPD Defendants and Defendant DOE, respectively, engaged in deliberate retaliation designed to chill Plaintiff's free expression and free exercise of religion and to deter similar conduct.

77. As a result of the foregoing, Plaintiffs are entitled to compensatory and punitive damages, plus reasonable attorneys' fees, costs, and disbursements.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## (MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 - AGAINST THE
## NYPD DEFENDANTS, DEFENDANT NUNEZ & DEFENDANT LERNER)

78. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

79. The NYPD Defendants, specifically, Defendant BADALAMENTI, Defendant FELICIANOTENGCO, Defendant NUNEZ and Defendant LERNER initiated and continued criminal proceedings against Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR.

80. Those criminal proceedings terminated in favor of Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR through the dismissal of all criminal charges on the merits and the sealing thereof, indicating their respective innocence.

81. There was never any probable cause for either criminal proceeding.

82. The NYPD Defendants, specifically, Defendant BADALAMENTI, Defendant FELICIANOTENGCO, Defendant NUNEZ and Defendant LERNER acted with actual malice against Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR.

83. Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR suffered post-arraignment deprivations of liberty based on several post-arraignment criminal court appearances where they were required to appear under threat of contempt of court and further arrest.

84. As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
## (ABUSE OF PROCESS UNDER 42 U.S.C. § 1983 - AGAINST THE NYPD DEFENDANTS)

85. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

86. Defendant BADALAMENTI and Defendant FELICIANOTENGCO employed regularly issued legal process under color of New York state law.

87. Defendant BADALAMENTI and Defendant FELICIANOTENGCO used the legal process with intent to do harm against Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR without justification.

88. Defendant BADALAMENTI and Defendant FELICIANOTENGCO used the legal process to achieve a collateral objective outside of the legitimate ends of that process.

89. Defendant BADALAMENTI and Defendant FELICIANOTENGCO acted under color of New York state law.

90. As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SUPPLEMENTAL STATE LAW CLAIMS

91. Plaintiffs duly incorporate and reiterate each and every paragraph above as though fully set forth herein.

92. Within ninety (90) days after the claim herein accrued, Plaintiffs duly served upon, presented to, and filed with the CITY OF NEW YORK, respective Notices of Claim setting forth all facts and information required under General Municipal Law § 50-e.

93. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

94. This action was commenced within one (1) year and ninety (90) days after the causes of action herein first accrued.

95. Plaintiffs have duly complied with all conditions precedent to maintaining the instant action.

96. This action falls within one or more of the exceptions outlined in CPLR § 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### RESPONDENT SUPERIOR LIABILITY
### (NYPD DEFENDANTS AND DEFENDANT DOE)

97. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

98. At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

99. At all relevant times, Defendant RATHAN was an employee of Defendant DOE.

100. At all relevant times, the NYPD Defendants were acting within the scope of their employment.

101. At all relevant times, Defendant RATHAN was acting within the scope of his employment.

102. Defendant CITY OF NEW YORK and Defendant DOE are liable to Plaintiffs for the aforementioned acts and omissions of the NYPD Defendants and Defendant RATHAN under the doctrine of *respondeat superior*.

103. By virtue of the above, Plaintiffs have suffered actual damages and are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against Defendant CITY OF NEW YORK and Defendant DOE in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK)

104. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

105. The NYPD Defendants arrested Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR without probable cause, relying on fabricated allegations made by Defendants LERNER and NUNEZ but without conducting a reasonable investigation.

106. Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR were detained against their will for significant periods of time and subjected to physical restraints, including handcuffing.

107. As a result of the aforementioned conduct, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR were unlawfully imprisoned in violation of the laws of the State of New York.

108. As a result of the aforementioned conduct, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

109. The NYPD Defendants, Defendant LERNER and Defendant NUNEZ caused the wrongful arrests of Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR. Defendant CITY OF NEW YORK is responsible under the doctrine of respondeat superior.

110.     As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR and DALA

BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and

are further entitled to punitive damages against the individual defendants in an amount

to be fixed by a jury, plus reasonable attorney's fees.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL INDIVIDUAL DEFENDANTS)

111.     Plaintiffs incorporate and reiterate each and every paragraph above as though

fully set forth herein.

112.     Defendants LERNER and NUNEZ and the NYPD Defendants engaged in

extreme and outrageous conduct towards Plaintiffs to Plaintiffs' detriment.

113.     Defendants LERNER and NUNEZ and the NYPD Defendants, through their

extreme and outrageous conduct towards Plaintiffs, each individually demonstrated an

intent to cause, or disregard of a substantial probability of causing, severe emotional

distress in Plaintiffs.

114.     As a result of the foregoing, Plaintiffs entitled to compensatory damages, in an

amount to be fixed by a jury, and are further entitled to punitive damages against the

individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees,

costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## (VIOLATION OF EQUAL PROTECTION UNDER THE NEW YORK STATE
## CONSTITUTION – NYPD DEFENDANTS)

115.     Plaintiffs incorporate and reiterate each and every paragraph above as though

fully set forth herein.

116.     The New York State Constitution, including the equal protection clause thereof, Article 1, Section 11, and the 2024 New York State Equal Rights Amendment thereof, protects people from discrimination and unequal treatment based on, *inter alia*, race, color, ethnicity, national origin, age, disability, creed, religion, and sex.

117.     Here, the NYPD Defendants violated the rights of Plaintiffs under the New York State Constitution based on their race, ethnicity, gender, and religion.

118.     The NYPD Defendants denied Plaintiffs equal protection under the New York State Constitution, based on their identity as Muslim Arab people of Palestinian descent, by arresting Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR without probable cause, by arresting Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR with deliberate indifference to the existence of probable cause through the failure to investigate that issue and/or performing a subpar investigation thereof.

119.     The dismissive, degrading, and callous manner in which the NYPD Defendants treated Plaintiffs constitutes disparate treatment, as similarly situated non-Palestinian, non-Arab, non-Muslim individuals would not have been treated in this manner.

120.     As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (VIOLATION OF FREEDOM OF RELIGION UNDER THE NEW YORK STATE CONSTITUTION – NYPD DEFENDANTS)

121.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

122.     Article I, Section 3 of the New York State Constitution guarantees all people the freedom of religion without discrimination or preference.

123.     Here, the NYPD Defendants denied Plaintiffs the free exercise of their Muslim faith by targeting them, in part, because of their religion and the religiously associated political expression of Plaintiff M.B., and in so doing, violated Article I, Section 3 of the New York State Constitution.

124.     Defendants' discriminatory actions constituted unequal treatment motivated by hostility to their religion and political identity.

125.     As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW – AGAINST NYPD DEFENDANTS)

126.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

127.     Defendants violated Plaintiff's rights under New York City Administrative Code §§ 8-801 through 8-807, the New York City Human Rights Law ("NYCHRL").

128.     Defendant CITY OF NEW YORK is liable as the employer of the NYPD Defendants under New York City Administrative Code § 8-803(b).

129.     Qualified immunity is not a defense to this claim.

130.     As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the

individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## NEGLIGENT SCREENING, HIRING AND RETENTION

131.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

132.     At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

133.     Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the NYPD Defendants, who conducted and participated in the arrests of Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR.

134.     Defendant CITY OF NEW YORK knew or should have known, in the exercise of reasonable care, of the propensities of the NYPD Defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

135.     As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against Defendant CITY OF NEW YORK in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
## NEGLIGENT TRAINING & SUPERVISION

136.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

137.     At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

138.     Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the NYPD Defendants, who conducted and participated in the aforementioned acts of misconduct towards Plaintiffs.

139.     As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against Defendant CITY OF NEW YORK in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION MALICIOUS PROSECUTION (AGAINST DEFENDANT LERNER, DEFENDANT NUNEZ, NYPD DEFENDANTS, AND CITY OF NEW YORK)

140.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

141.     Defendants NUNEZ and LERNER initiated and caused criminal proceedings to be instituted against Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR, respectively, by fabricating allegations of assault and making false reports to law enforcement.

142.     The NYPD Defendants, acting on these false claims, arrested and prosecuted Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR without probable cause and with discriminatory animus.

143.     The criminal proceedings terminated in Plaintiffs' favor, with all charges dismissed on the merits.

144.     Defendants acted with malice in pursuing these charges, motivated by discriminatory intent against Plaintiffs' Palestinian identity, Muslim faith, and political expression.

145.     As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR and DALA BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (NEGLIGENCE AGAINST DEFENDANT DOE)

146.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

147.     Defendant DOE had a duty to protect invitees, including Plaintiffs, from foreseeable harm at school events, and to provide adequate security protection for that purpose.

148.     Defendant DOE breached this duty by failing to supervise attendees, provide adequate security, or mitigate risks from unruly attendees such as Defendants LERNER and NUNEZ.

149.     Defendant DOE's breach of this duty proximately caused Plaintiffs' injuries, including physical harm and emotional distress, without any contributory negligence.

150.     By reason of the foregoing, Plaintiffs have been damaged in an amount exceeding the jurisdictional limits of lower courts, to be determined at trial.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
## <u>BATTERY</u>
## (DEFENDANTS NUNEZ, LERNER AND RATHAN)

151.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

152.     Defendant NUNEZ violently struck Plaintiff EZ-AL DEAN BAZAR multiple times without justification.

153.     Defendant LERNER violently struck Plaintiffs DALA BAZAR and QAMAR BAZAR without justification.

154.     Defendant RATHAN choked Plaintiff HASHIM BAZAR without justification.

155.     The physical actions in which Defendants NUNEZ, LERNER AND RATHAN engaged were intentional.

156.     The physical actions in which Defendants NUNEZ, LERNER AND RATHAN engaged were offensive.

157.     The physical actions in which Defendants NUNEZ, LERNER AND RATHAN engaged were harmful.

158.     The physical actions in which Defendants NUNEZ, LERNER AND RATHAN engaged were without Plaintiffs' consent.

159.     As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR, DALA BAZAR, HASHIM BAZAR and QAMAR BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
## <u>ASSAULT</u>

160. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

161. Defendant NUNEZ violently struck Plaintiff EZ-AL DEAN BAZAR multiple times without justification.

162. Defendant LERNER violently struck Plaintiffs DALA BAZAR and QAMAR BAZAR without justification.

163. Defendant RATHAN choked Plaintiff HASHIM BAZAR without justification.

164. The physical actions in which Defendants NUNEZ, LERNER AND RATHAN engaged were intentional.

165. The physical actions in which Defendants NUNEZ, LERNER AND RATHAN engaged caused Plaintiffs EZ-AL DEAN BAZAR, DALA BAZAR, QAMAR BAZAR and HASHIM BAZAR to reasonably experience fear and the apprehension of an imminent battery.

166. The physical actions in which Defendants NUNEZ, LERNER AND RATHAN engaged were without Plaintiffs' consent.

167. As a result of the foregoing, Plaintiffs EZ-AL DEAN BAZAR, DALA BAZAR, HASHIM BAZAR and QAMAR BAZAR are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### HARASSMENT
### (DEFENDANT LERNER)

168.     Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

169.     Defendant LERNER yelled at, pointed and heckled Plaintiff M.B., a minor child, as he sought to obtain his graduation diploma, without legitimate justification.

170.     The physical actions in which Defendant LERNER engaged towards were unwanted and severe.

171.     Defendant LERNER directed her physical actions towards Plaintiff M.B. in order to annoy him as a person of Palestinian descent.

172.     The physical actions in which Defendant LERNER engaged were without the consent of Plaintiff M.B. or his parents and were personally offensive to Plaintiff M.B., as they would be to any reasonable person.

173.     As a result of the foregoing, Plaintiff M.B. is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendant LERNER in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### ZONE OF DANGER NEGLIGENCE
### (DEFENDANTS DOE, LERNER, RATHAN AND NUNEZ)

174.     Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

175.     Plaintiffs M.B., DALAL BAZAR, DIANE BAZAR and JAMILEH BAZAR were placed within the zone of danger of vulnerability to physical harm due to the Defendants' actionable fault, as they were in close proximity to the violent attack on their family members.

176.    Plaintiffs M.B., DALAL BAZAR, DIANE BAZAR and JAMILEH BAZAR witnessed the severe harm and serious peril befalling their family members, causing them to fear for their own safety and that of their other family members.

177.    The negligence and intentional acts of DEFENDANTS DOE, LERNER, RATHAN and NUNEZ proximately caused infant Plaintiffs M.B., DALAL BAZAR, DIANE BAZAR and JAMILEH BAZAR to suffer severe mental and emotional trauma, distress, depression, and anguish, some of which are permanent and lasting.

178.    By reason of the foregoing, infant Plaintiffs M.B., DALAL BAZAR, DIANE BAZAR and JAMILEH BAZAR have been damaged in an amount exceeding the jurisdictional limits of lower courts, to be determined at trial.

## JURY DEMAND

179.    Plaintiffs hereby demand a trial by jury on all issues pursuant to the Seventh Amendment to the U.S. Constitution and CPLR § 4102(a).

## REQUEST FOR RELIEF

WHEREOF, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

- full and fair compensatory damages in an amount to be determined by a jury;
- punitive damages against the individual defendants in an amount to be determined by a jury;
- reasonable attorneys' fees and costs and disbursements of this action; and
- such other and further relief that this Court may deem just, equitable and proper.

Dated: Queens, New York
September 12, 2025

Respectfully submitted,

Karl J. Ashanti, Esq.
Musa-Obregon Law, P.C.
*Attorneys for Plaintiffs*
55-21 69th Street, 2nd Floor
Maspeth, NY 11378
(718) 803-1000
K.ashanti@musa-obregon.com